NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Crim. No.: 97-156 (JLL) |
| v. | OPINION |
| REINALDO JIMENEZ | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court by way of *pro se* Defendant Reinaldo Jimenez's motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction. (ECF No. 253). The Government opposed Defendant's motion on May 24, 2017. (ECF No. 257). The Court has considered the parties' submissions and decides this matter without oral argument. For the reasons set forth below, the Court denies Defendant's motion for a sentence reduction.

## I. BACKGROUND

On February 6, 1998, a jury in the District of New Jersey convicted Defendant of one count of conspiracy to conduct financial transactions affecting commerce that involved proceeds of drug trafficking in violation of 18 U.S.C. § 1956(h). (*See* ECF No. 146). Prior to sentencing, Defendant fled the United States and evaded capture until November 11, 2014, when he was arrested. On October 6, 2015, Defendant was sentenced to 96 months of imprisonment, three years of supervised release, and $100 special assessment. (ECF No. 252). He was sentenced one month prior to Amendment 794 of U.S.S.G. § 3B1.2, which was effectuated on November 1, 2015. *See* U.S.S.G. app. C, amend. 794 (2015) ("Amendment 794"). Defendant did not appeal his sentence.

1

On January 31, 2017 Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. After the Court terminated the motion for improper form, Defendant filed an amended motion to modify or reduce his sentence pursuant to 18 U.S.C. § 3582 (c)(2), on March 8, 2017. (ECF No. 253). Defendant argues that Amendment 794 should apply to his sentence retroactively. (Id at 1). Specifically, Defendant asserts that under Amendment 794 he is eligible for sentence reduction by two to four levels because he was either a minimal or minor participant. (Id.). However, the Government contends that Amendment 794 does not apply retroactively to collateral appeals brought under 18 U.S.C. § 3582(c)(2). (ECF No. 257 at 5). Alternatively, the Government argues even if Amendment 794 does apply retroactively, Defendant fails to demonstrate that he played a mitigating role in the offense for which he was convicted. (Id.).

## II.  LEGAL STANDARD

Under Title 18 of the United States Code, Section 3582(c)(2) "permits a district court to exercise its discretion to reduce a sentence only if: (1) the sentence is 'based on' a Guidelines range that has subsequently been lowered; and (2) a sentence reduction would be consistent with the Sentencing Commission's policy statements." *United States v. Thompson*, 852 F.3d 198, 200 (3d Cir. 2016). Thus, the Court must determine if Amendment 794 would lower Defendant's Guidelines range. Since Defendant was sentenced prior to the Amendment, the Court must first consider if Amendment 794 is retroactive. Moreover, in the event Amendment 794 is dispositive, the Court would consider whether Amendment 794 "would apply specifically to Petitioner's situation." *United States v. Cobb*, Crim. No. 09-733, 2017 WL 1209563, at *2 (E.D. Pa. Apr. 3, 2017).

### III. ANALYSIS

Since the Court is mindful that Defendant is proceeding *pro se*, the Court will liberally construe his motion by focusing on the substance rather than the form. *Id.* at *1. For the following reasons, the Court denies Defendant's motion without prejudice.

#### A. Amendment 794 is not Retroactive

The Third Circuit has not yet addressed the retroactive applicability of Amendment 794. However, both the Eastern and Western Districts of Pennsylvania have held that Amendment 794 does not apply retroactively to collateral appeals. *See Cobb*, 2017 WL 1209563, at *2, n.3; *Mendoza v. United States*, Crim. No. 06-167, 2017 WL 1293575, at *1 (W.D. Pa. Apr. 6, 2017). While Defendant relies on *United States v. Quintero-Leyva* in support of Amendment 794's supposed retroactivity, the Ninth Circuit in said case only found Amendment 794 retroactive for *direct appeals*. *See United States v. Quintero-Leyva*, 823 F.3d 519, 524 (9th Cir. 2016). Other courts that have found Amendment 794 applies retroactively, have likewise only done so for *direct appeals*. *See e.g., United States v. Carter*, 662 F. App'x. 342, 349 (6th Cir. 2016) (holding that Amendment 794 applies retroactively to direct appeals); *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016) (same). However, the Court in *United States v. Cobb* demonstrated that numerous district courts have held that Amendment 794 does not apply retroactively to collateral appeals. *See Cobb*, 2017 WL 1209563, at *2, n.3.[1] The Court acknowledges that other

---

[1] *See e.g., United States v. Osborne*, No. 13-30, 2017 WL 915129, at *2 (E.D. Ky. Mar. 8, 2017); *United States v. Sanchez*, No. 14-78, 2017 WL 394095, at *3 (D.R.I. Jan. 26, 2017); *United States v. Moore*, No. 06-12, 2017 WL 213042, at *1-2 (E.D. Tenn. Jan. 18, 2017); *United States v. Nunez*, No. 13-383, 2017 WL 119169, at *5 (N.D. Cal. Jan. 12, 2017); *Koelbin v. United States*, Nos. 15-11, 16-1996, 2016 WL 7012302, at *2 (N.D. Ohio Dec. 1, 2016); United *States v. Collins*, No. 14-368, 2016 WL 6835063, at *1 (S.D. Tex. Nov. 21, 2016); *United States v. Burlingame*, No. 15-20042, 2016 WL 6777834, at *2 (E.D. Mich. Nov. 16, 2016); *Filippelli v. United States*, No. 16-24495, 2016 WL 6876491 at *6 (S.D. Fl. Oct. 31, 2016); *Diaz v. United States*, No. 16-2804, 2016 WL 6407963, at *3 (W.D. Tenn. Oct. 28, 2016); *Vergara v. United States*, Nos. 16-394, 14-222, 2016 WL 5717843, at *2-3 (W.D. Tex. Sept. 30, 2016).

District Court decisions are persuasive and elects to follow the same line of reasoning to the collateral appeal *sub judice*.

This position is substantiated by the language of the United States Sentencing Guidelines itself. "Guidelines Section 1B.10(a)(2) states that, '[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement'- and therefore not authorized under §3582(c)(2)- unless it is listed in subsection (d) of the same subsection." *Cobb,* 2017 WL 1209563, at *2 (citing *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995)). In fact, in *United States v. Thompson*, the Third Circuit specifically said that an amendment not appearing in said section does not have retroactive effect. *Thompson*, 70 F.3d 279, 281. Pursuant to this logic, since Amendment 794 is not listed in subsection (d), it does not have a retroactive effect. Thus, Defendant is not entitled to a reduced sentence.

### B. Defendant Fails to Establish Grounds for Reduction

United States Sentencing Guidelines § 3B1.2 allows adjustments to a defendant's sentence if he or she was either a minor or minimal participant in the crime. A minimal participant is eligible for a decrease by 4 levels and a minor participant is eligible for a decrease by two levels. U.S.S.G. § 3B1.2(a)-(b). Anyone in between the two is eligible for a decrease by three levels. Id. Minimal defendants are "those who are plainly among the least culpable of those involved in the conduct of a group." Id. at cmt. 4. Moreover, a defendant's "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative." Id. A minor participant "is less culpable than most other participants in the criminal activity, but whose role cannot be described as minimal." Id at cmt. 5. Defendant bears the burden of demonstrating eligibility for relief under U.S.S.G. § 3B1.2. *See United States v. Isaza-Zapata*, 148 F.3d 236, 240 (3d Cir. 1998). While Defendant asserts that under Amendment 794, minimal and minor

4

participants are eligible for a sentence reduction, he does not explain why he should be considered a minimal or minor participant. (ECF No. 253). Instead, he merely states the definitions of minimal and minor participants from § 3B1.2 without providing details about his own role in the crime for which he was convicted. (Id.).

Defendant's general assertion that "the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative" (Id. at 2) could perhaps be read as a claim that while the Defendant himself played an essential role in the money laundering scheme, the Court has to consider other factors in determining if a Defendant is eligible for a mitigating role adjustment. Further, his assertion that "a defendant who does not have a proprietary interest in the criminal activity, and who is simply being paid to perform certain tasks should be considered for mitigating role adjustment," (Id.), is perhaps meant to suggest that Defendant did not have a proprietary interest in the money laundering scheme. However, even if both statements are viewed as assertions about Defendant's case, Defendant does not support such assertions with facts.

Generally, in assessing eligibility for a minor role adjustment the Court looks at "1) the nature of the defendant's relationship to other participants; 2) the importance of the defendant's actions to the success of the venture; and 3) the defendant's awareness of the nature and scope of the criminal enterprise." *Isaza*-Zapata, 148 F.3d at 240. Further, "while a defendant whose actions are necessary for the success of a conspiracy can still be a 'minor participant,' the necessity of defendant's actions combined with a knowledge of the scope of conspiracy generally precludes minor participant status." *United States v. Parasconda*, 69 F. App'x. 74, 78 (3d Cir. 2003). Defendant does not even attempt to apply the characterizations of minor and minimal participants to his case.

In fact, the Government argues that the Pre-Sentence Investigation Report suggests that Defendant is not eligible for minor role adjustment. (ECF No. 257 at 8). According to the report, Defendant was one of the "most important conduits for funneling [drug] money to the Cali Cartel." (PSR ¶ 22). Additionally, the report advocated for role enhancement, not reduction. (PSR ¶ 69). Thus, in the absence of any argument as to why Defendant is eligible for a minor role adjustment, the Court denies Defendant's motion for a sentence reduction.

## IV. **CONCLUSION**

For the reasons above, the Court denies Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(2). An appropriate Order accompanies this Opinion.

DATED: June 19th, 2017

Jose L. Linares
Chief Judge, United States District Court